UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

GERALD ADGER,

        Plaintiff,

    -v-                                             16-CV-6371-FPG
                                                         DECISION AND ORDER

CHERYL BRADLEY,

        Defendant.

───────────────────────────────────────

## INTRODUCTION

    *Pro se* Plaintiff Gerald Adger ("Plaintiff"), an inmate confined at the Southport Correctional Facility ("Southport CF"), originally filed a civil action asserting claims under 42 U.S.C. § 1983 against Defendant Cheryl Bradley. ECF No. 1. He also filed a motion to proceed as a poor person with the required Authorization. ECF Nos. 6 and 7. Plaintiff later filed a Motion to Amend the Complaint along with his proposed Amended Complaint in which he raised additional allegations against Defendant Paul Fuller, his former criminal defense attorney. ECF No. 12. He alleges that Defendant Bradley, a Monroe County Supreme Court Clerk at the time, violated his rights when she made a clerical error that he alleges impaired the timeliness of his appeal of his criminal conviction. Plaintiff further alleges that Defendant Fuller violated his rights by failing to serve his timely notice of appeal on the District Attorney's Office.

    For the reasons discussed below, Plaintiff's request to proceed as a poor person is granted. The Court concludes that the Amended Complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for the reasons set forth below.

**DISCUSSION**

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed an Authorization. Therefore, Plaintiff is granted permission to proceed *in forma pauperis*. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) require the Court to conduct an initial screening of the Amended Complaint, which shall be dismissed if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See Abbas v. Dixon,* 480 F.3d 636 (2d Cir. 2007).

In evaluating the Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (internal quotation marks and citations omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639.

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). Based on its evaluation of the complaint, the Court finds that Plaintiff's claims must be dismissed pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

Plaintiff alleges that Defendant Bradley violated his Fifth, Eighth and Fourteenth Amendment rights by "rendering an inaccurate judgement date that put [him] in default for [a] direct appeal the same date it was timely filed, July 27, 2005." It appears that Plaintiff was convicted in Monroe County Supreme Court in 2005 and, based on a search of the New York State Department of Corrections and Community Supervision's online records, he was sentenced to 14 to 16 years for rape in the first degree, criminal sexual act in the first degree, burglary in the second degree and criminal contempt in the first degree.

Plaintiff has brought this as an action under 42 U.S.C. § 1983, rather than as a habeas corpus petition. It does not appear that he is eligible for immediate release, and he may well be in the process of exhausting his New York State Court remedies. Plaintiff's allegations indicate his belief that a person cannot represent themselves on direct appeal, which suggests that he believes he was denied his right to a timely appeal because he could not raise the issue himself. He further indicates that the legal error was remedied on July 23, 2015 and, therefore, he had to wait ten years for the error to be corrected before he could pursue his direct appeal. Plaintiff states that this issue has been addressed in state court, and he has attached copies of legal proceedings that establish that he was aware of the oversight by at least 2010 and did not take the steps necessary to correct it despite receiving instructions to do so from the Appellate Division, Fourth Department. Moreover, Plaintiff's allegations against Defendant Bradley fail to state that the clerical error actually caused the delay of his appeal or any other due process deprivation. Therefore, this claim will be dismissed unless Plaintiff files a second amended complaint.

The Court finds that Plaintiff's claim against Defendant Fuller is also subject to dismissal. In order to sustain a § 1983 claim, it must be alleged Defendant was acting under "color of state law." It is well established that an attorney representing a client in a criminal trial, even if the attorney is a public defender, legal aid attorney or court-appointed counsel, is not acting under the color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Here, the Amended Complaint is devoid of any allegations that Defendant Fuller was an employee of, or in contract with, the state, or that he conspired with the prosecution in any way. *See, e.g.*, *Tower v. Glover*, 467 U.S. 914, 923 (1984) (holding that a public defender who conspired with state officials was liable under Section 1983). Thus, Plaintiff's claim against Defendant Fuller, as currently pleaded, is not cognizable under § 1983.

However, the Court will permit Plaintiff to file a second amended complaint in which he sets forth the necessary factual allegations supporting his claims against both Defendants. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"). With respect to Defendant Bradley, Plaintiff may amend his claim to show how the clerical error caused a due process violation, when he became aware of the clerical error and exactly what due process deprivation resulted, and how there was not sufficient process to correct any delay in the filing of his appeal.

## **CONCLUSION**

As stated above, Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), and his request to proceed *in forma pauperis* (ECF No. 7) is therefore granted. Plaintiff's Motion to Amend the Complaint (ECF No. 12) is denied as unnecessary because the amendment was

permitted as of right pursuant to Fed. R. Civ. P. 15(a)(1). Plaintiff's requests for the appointment of counsel (ECF Nos. 22 and 23) are denied without prejudice as premature.

For the reasons set forth above, the Amended Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Because his *pro se* claims may be cognizable if they are amended as noted above, the Court will permit Plaintiff to file a second amended complaint. Plaintiff is advised that the Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless a second amended complaint is filed by November 6, 2017 in which Plaintiff includes the necessary allegations in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that a second amended complaint is intended to completely replace the Amended Complaint and it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any second amended complaint must include all of the allegations against each Defendant so that it may stand alone as the sole complaint to be answered in this action.

## **ORDER**

IT IS HEREBY ORDERED, that Plaintiff's Motion to proceed *in forma pauperis* (ECF No. 7) is granted;

FURTHER, that the Clerk of Court shall amend the caption to name Paul Fuller as a Defendant;

FURTHER, that Plaintiff's remaining Motions (ECF Nos. 12, 22, and 23) are denied;

FURTHER, that Plaintiff is granted leave to file a second amended complaint, only as directed above, by November 6, 2017;

FURTHER, that if Plaintiff does not file a second amended complaint as directed above, the Amended Complaint is dismissed with prejudice;

FURTHER, that in the event the Amended Complaint is dismissed because Plaintiff has failed to file a second amended complaint, the Clerk of Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the Amended Complaint is dismissed because Plaintiff has failed to file an amendment as directed, the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: September 26, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court