UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GERALD ADGER,

                                              Plaintiff,          Case # 16-CV-6371-FPG

v.

                                                                                 DECISION AND ORDER

CHERYL BRADLEY, et al.,

                                              Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Gerald Adger brought this case pursuant to 42 U.S.C. § 1983, wherein he alleged that a court clerk and a defense attorney committed errors that impaired his ability to timely file a criminal appeal in state court. In an order dated January 29, 2019, the Court dismissed Plaintiff's Amended Complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) for failure to state a claim upon which relief could be granted. ECF No. 42.

Since the Court dismissed his case, Plaintiff filed three motions for leave to amend the pleadings and a motion for reconsideration of the Court's dismissal order. ECF Nos. 45-48. For the reasons that follow, Plaintiff's motions are DENIED.

## DISCUSSION

### I. Motions to Amend

The Court reviewed Plaintiff's motions to amend, which reiterate his original allegations, contain some additional facts, and request to add new defendants, including two state courts and various court staff. In deciding whether to grant leave to amend under Federal Rule of Civil Procedure 15,[1] a court considers factors such as undue delay, bad faith, dilatory motive, undue

---

[1] In pertinent part, Rule 15 provides for amendment as a matter of course with 21 days of service or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service

prejudice, and futility of the amendment. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). In this case, leave to amend is not warranted—any amendment would be futile and cause the undue delay of a case that has already been closed. Accordingly, the Court denies Plaintiff's motions to amend (ECF Nos. 45-47).

## II. Motion for Reconsideration

The Court construes Plaintiff's motion for reconsideration (ECF No. 48) as a request for relief under Federal Rule of Civil Procedure 60(b), which may be filed within one year after entry of judgment. *See* Fed. R. Civ. P. 60(c)(1).

Under Rule 60(b), a court, in its discretion, can rescind or amend a final judgment or order upon: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a voided judgment; (5) the judgment being satisfied or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

"Such a motion is 'generally not favored and is properly granted only upon a showing of exceptional circumstances.' A 'motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.'" *Kroemer v. Tantillo,* 758 F. App'x 84, 87 (2d Cir. 2018) (summary order) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) and *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995)). Where a motion "for post-judgment relief merely [seeks] to relitigate issues already decided," it "plainly fail[s] to demonstrate the exceptional circumstances that could merit the exercise of the district court's discretion to grant relief from its prior decision." *Id*. (internal quotation marks omitted);

---

of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(1)-(2).

*see also Fleming v. New York Univ.,* 865 F.2d 478, 484 (2d Cir. 1989) (holding that "a Rule 60(b)(3) motion cannot . . . serve as an attempt to relitigate the merits").

Here, Plaintiff reiterates his allegations that Defendant Bradley violated his constitutional rights when she made a clerical error by entering an erroneous date of judgment on his notice of appeal, and that Defendant Fuller did not properly serve the notice of appeal on the district attorney. Plaintiff also recites additional facts concerning his underlying criminal proceedings and seeks to add another defense attorney and additional court staff as parties to this closed action.

Upon careful review of the motion papers, the Court finds no basis to reconsider its dismissal order. Plaintiff does not point to any mistake, misrepresentation, newly-discovered evidence, or other reason to justify reconsideration. His motion merely attempts to relitigate the merits of his case and bolster his original claims with superfluous allegations and argument, and therefore it is DENIED.

## CONCLUSION

Plaintiff's motions (ECF Nos. 45-48) are DENIED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies leave to appeal to the Court of Appeals as a poor person. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: May 16, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court